IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN HALE                                                                                            PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  1:03cv840-LG-JMR

HARRISON COUNTY, et al.                                                                DEFENDANTS

### REPORT AND RECOMMENDATION

BEFORE THE COURT is plaintiff's motion for appointment of counsel [136-1] in the above styled action.

There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915.  Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990).  Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding in forma pauperis; it does not authorize the Court to make coercive appointments of counsel.  See Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296, 310, 109 S.Ct. 1814, 1823, 104 L.Ed.2d 318 (1989).  Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel.  See Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990); Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).  A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances.  See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination.  See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d at 1084; Jackson v. Dallas Police Department, 811 F.2d at 262; Feist v. Jefferson County Commissioners Court, 778 F.2d at 253; and Ulmer v. Chancellor, 691 F.2d at 213.  It is also appropriate for the Court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees.  See Jackson v. Cain, 864 F.2d at 1242.

This Court is given considerable discretion in determining whether to appoint counsel. Ulmer v. Chancellor, 691 F.2d 209, 211 (5th Cir. 1982).  Plaintiff's complaint is well presented and contains no novel points of law which would indicate the presence of "exceptional circumstances".  Therefore, plaintiff's motion for appointment of counsel [136-1] should be denied.

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may

accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal, unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the   9th   day of June, 2006.

                                                                                 s/ John M. Roper, Sr.
                                              CHIEF UNITED STATES MAGISTRATE JUDGE