IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN HALE**                                                                                                   **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 1:03cv840LG-JMR**

**HARRISON COUNTY, ET AL.**                                         **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This matter is before the Court on John Hale's objection [141-1] to the Report and Recommendation of Chief United States Magistrate Judge John M. Roper [140-1] entered in this cause on June 12, 2006, which recommended that Plaintiff's motion for appointment of counsel be denied. "Plaintiff's complaint is well presented and contains no novel points of law which would indicate the presence of 'exceptional circumstances'. *Report and Recommendations at p. 2*. Plaintiff objects to this finding arguing that he has "relied on inmate writ writers ... solely due to inadequate law libraries and persons trained in the law.

. . . Plaintiff is indigent, functionally illiterate due to his mental condition, cannot investigate or even get the address of one of the remaining defendants and is left to go head to head with a law firm who represents the Defendants." *Plaintiff's Objection at pp. 1-2*.

Incarcerated individuals have a constitutional right to access to the courts. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Ordinarily, representation by counsel satisfies a prisoner's right to access the courts. However, *"Bounds* did not create an abstract, free-standing right to a law library or legal assistance." *Lewis v. Casey,* 116 U.S. 2174, 116 S.Ct. 2174, 2176, 135 L.Ed.2d 606 (1996). With regard to Plaintiff's argument that he is entitled to representation in the above captioned cause, the Fifth Circuit Court of Appeals has stated that:

> [p]risoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Degrate v. Godwin*, 84 F.3d 768,

> 768-69 (5th Cir.1996) (*quoting Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). Nevertheless, this constitutional guarantee does not afford prisoners unlimited access to prison law libraries. Limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests." *Lewis v. Casey*, 518 U.S. 343, ----, 116 S.Ct. 2174, 2185, 135 L.Ed.2d 606 (1996) (*quoting Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)); *see also Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir.1994) (right of meaningful access to courts may be narrowed under certain circumstances).

*McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998).

The Court notes that Plaintiff has been able to timely file numerous pleadings and he was ultimately granted *in forma pauperis* status and was able to file the above captioned cause.

After de novo review of the pleadings on file, the findings contained in the Report and Recommendation, in addition to the position of the Plaintiff advanced in the motion for appointment of counsel and objection, the Court finds that there are no grounds to overturn the Report and Recommendation as it is neither clearly erroneous nor contrary to existing law. Therefore, the Report and Recommendation of Chief Magistrate Judge John M. Roper entered on or about June 12, 2006, should be adopted as the finding of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Hale's objection [141-1] to the Report and Recommendation entered in this cause on June 12, 2006, be, and is hereby, overruled.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Report and Recommendation of Chief Magistrate Judge John M. Roper entered on or about June 12, 2006, [140-1] is hereby adopted as the finding of this Court and Plaintiff's Motion for Appointment of Counsel filed April 24, 2006, [136-1] should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of June, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE